## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **JASON J. SMITH,**           ) | |
|                               ) | |
|     **Petitioner,**           ) | |
|                               ) | |
| v.                            ) | Civil Action No. 5:10-0134 |
|                               ) | |
| **T. R. CRAIG, Warden,** *et al.*,   ) | |
|                               ) | |
|     **Respondents.**           ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

On October 23, 1997, Petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia of conspiracy to distribute "crack" cocaine, in violation of 21 U.S.C. § 846. United States v. Smith, Case No. 3:97-cr-17 (N.D.W.Va. Jan. 29, 1998), Document No. 238. On January 29, 1998, the District Court sentenced Petitioner to a 378-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 272. On February 25, 1998, Petitioner filed his Notice of Appeal. Id., Document No. 274. By

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Opinion Order entered on November 23, 1998, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.[2] United States v. Smith, 166 F.3d 336 (4th Cir. 1998).

On February 10, 2000, Petitioner, acting *pro se*, filed in the Northern District of West Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith v. United States, Case No. 3:00-cv-0021, Document No. 316. Petitioner asserted that defense counsel was ineffective by (1) failing "to specifically argue at sentencing or on direct appeal . . . that petitioner was not a manager or supervisor" Id., pp. 8 - 11.; (2) failing "to move the court for a dismissal of the charges or a downward departure based upon the fact that the government allowed the conspiracy to continue longer than it would have in order to ratchet up your petitioner's sentence" Id., pp. 11 - 14.; (3) failing "to move the court for a downward departure based upon the government's deliberate 'sentencing entrapment' of allowing this investigation of this conspiracy to continue" Id., pp. 14 - 17.; (4) failing "to move the court to set aside the sworn jury via voir dire based upon juror misconduct" Id., pp. 17 - 18.; and (5) failing "to challenge or move the court to set aside the sworn petit jury based upon the systematically exclusions of black jurors from his jury trial" Id., pp. 19 - 20. The United States filed its Response on June 15, 2000. Id., Document No. 330. By Report and Recommendation entered on January 4, 2001, United States Magistrate Judge James E. Seibert recommended that Petitioner's Motion be dismissed as untimely. Id., Document No. 333. By Memorandum Opinion and Order entered on February 9, 2001, the District Court adopted Judge

---

[2] In his appeal, Petitioner argued as follows: (1) the District Court erred in denying his motion for downward departure due to the disparate sentences imposed on him and his co-conspirators; (2) there was insufficient evidence to prove that the drugs involved were crack cocaine, as opposed to some other form of cocaine; (3) the District Court erred in determining Petitioner's role in the offense; (4) the District Court erred in admitting evidence and testimony concerning the expenditures made by one of his co-conspirators; (5) Petitioner's criminal history score over represented the seriousness of the offense; and (6) the District Court erred in striking a juror for cause over defense counsel's objection. *Smith*, 166 F.3d at * 1.

2

Seibert's recommendation and denied Petitioner's Section 2255 Motion. Id., Document No. 338. On March 19, 2001, Petitioner filed a Notice of Appeal. Id., Document No. 340. By Order entered on July 20, 2001, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 343; United States v. Smith, 14 Fed.Appx. 225 (4th Cir. 2001).

Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. Smith, Case No. 3:97-cr-0017, Document No. 342. By Order filed on July 12, 2001, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id.

By Memorandum Opinion and Judgment Order entered on March 30, 2009, the District Court reduced Petitioner's sentence pursuant to 18 U.S.C. § 3582.[3] Id., Document No. 356 and 357. Specifically, the District Court stated as follows (Id., Document No. 356.):

> Under the retroactive 2007 crack guideline amendments, the defendant's base offense level would be 36, plus three levels for role in the offense, resulting in a total offense level of 39. With a criminal history category of III, the guideline range would be 324 - 405. Accordingly, this Court will reduce the defendant's sentence to 342 months.

On February 8, 2010, Petitioner, acting *pro se*, filed in the Northern District of West Virginia his instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) By Order entered on February 9, 2010, the District Court for the Northern District of West Virginia transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document No. 4.) In his

---

[3] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

Petition, Petitioner alleges that his conviction should be overturned because "he is actually innocent of the enhanced crimes for which he was charged." (Document No. 1, p. 2.) Petitioner appears to argue there was a substantive change in the law concerning the crack-to-powder cocaine sentencing ratio, which requires the application of a one-to-one ratio that must be retroactively applied to his sentence. (Id., p. 8.) Specifically, Petitioner states "since the ruling of the courts regarding the 1-to-1 ratio, the admission of the government has determined that this is a substantive change in law, it is by definition retroactive." (Id.) Petitioner claims "[h]e was the victim of a fraudulent indictment, conviction, and sentencing because all parties to the proceedings knew or should have known that the charges for enhancements related to the crack ratios were unconstitutional." (Id., p. 12.) Thus, Petitioner argues that his "sentence is illegal pursuant to the crack ratio."[4] (Id., p. 27.)

In support, Petitioner attaches the following Exhibits: (1) A copy of the Statement of Lanny A. Breuer, Assistant Attorney General, regarding "Restoring Fairness to Federal Sentencing: Addressing the Crack-Powder Disparity" (Document No. 1-1.); (2) A copy of a "Memorandum Opinion and Order Regarding Crack/Powder Ratio" dated May 18, 2009, entered by District Judge Mark W. Bennett in the United States District Court for the Northern District of Iowa (Document No. 1-2.); (3) A copy of an Opinion Order dated June 9, 2009, entered by District Judge Paul L. Friedman in the United States District Court for the District of Columbia (Document No. 1-3.); and (4) A copy of an Opinion Order dated August 12, 2009, entered by District Judge Maurice B. Cohill, Jr., in the United States District Court for the Western District of Pennsylvania (Document No. 1-4.).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas

---

[4] Currently, Petitioner has two other actions pending before this Court: *Smith-Bey v. Rose, et al.*, Civil Action No. 5:09-0746 (*Bivens* action); and *Smith v. United States*, Civil Action No. 5:09-0999 (Section 2241 Petition).

relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section 2241 is upon a prisoner's custodial status, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255.

Before considering Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added)."); also see Brown v. Rivera, 2009 WL 960212, * 3 (D.S.C. April 7, 2009). In the instant case, Petitioner alleges that a change in law concerning the crack-to-powder cocaine sentencing ratio requires the Court to apply a one-to-one ratio thereby vacating or reducing his illegal sentence.[5] Thus, Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Even assuming Petitioner could challenge his sentence pursuant to the savings clause, the undersigned finds that Petitioner's argument is without merit. The Fourth Circuit has determined that the "district court is not required to apply a one-to-one

---

[5] Petitioner appears to base his argument upon *Kimbrough v. United States*, 552 U.S. 85, 110, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and *Spears v. United States*, 555 U.S. 261, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). In *Kimbrough*, the United States Supreme Court stated that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Kimbrough*, 552 U.S. at 110, 128 S.Ct. at 558. In *Spears*, the Supreme Court clarified that District Courts "are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears*, 555 U.S. at 265-66, 129 S.Ct. at 843-44("A sentencing judge who is given the power to reject the disparity created by the crack-to-powder ratio must also possess the power to apply a different ratio which, in his judgment, corrects the disparity.")

ratio." United States v. Backus, 406 Fed. Appx. 692, 694 (4th Cir. Dec. 28, 2010)("The district court is not required to apply a one-to-one ratio; *Spears* merely permits a district court to substitute its own ratio if it determines the sentencing disparity is unwarranted."); United States v. Boomer, 402 Fed.Appx. 773, * 1 (4th Nov. 19, 2010)("The district court is not required to apply a one-to-one ratio."); United States v. Everhart, 374 Fed.Appx. 455, * 1 (4th Cir. March 26, 2010)( "*Spears* . . . does not dictate a particular ratio district courts must adopt in calculating a defendant's advisory guidelines range. Rather, *Spears* merely recognizes a district court's authority to substitute its own crack cocaine-to-powder cocaine ration if it determines that the disparity embodied in the Guidelines is unwarranted.")

In view of the above authority, the undersigned finds that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim that he was incorrectly sentenced,[6] and Petitioner is not entitled to *habeas* relief under Section 2241. Rather, having filed a Section 2255 Motion and that Motion having been dismissed, Petitioner's recourse is to seek permission to file a second or successive Section 2255 Motion for consideration of his claim from the Fourth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h)(2). Petitioner's Application Under 28 U.S.C. § 2241 (Document No. 1.) should therefore be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Document No. 1.), **DISMISS** this matter and **REMOVE** this matter from the Court's

---

[6] The underlying conduct supporting Petitioner's conviction of violation 18 U.S.C. § 846 has not been decriminalized.

docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: August 18, 2011.

R. Clarke VanDervort
United States Magistrate Judge